# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LAMARR ROWELL, | |
| Petitioner, | 3:12-cv-0403-LRH-WGC |
| vs. | **ORDER** |
| STEVE WOLFSON, Clark County District Attorney, | |
| Respondents. | |

    Lamarr Rowell, a Nevada prisoner residing at the Lovelock Correctional Center in Lovelock, Nevada, has filed a *pro se* motion for a declaratory judgment pursuant to 28 U.S.C. § 2201 and a motion for appointment of counsel (ECF No. 1-2). Petitioner has also applied for leave to proceed *in forma pauperis*. ECF No. 1. The information provided about petitioner's financial circumstances indicates he is unable to pay the filing fee. The application shall be granted.

    Relying on 28 U.S.C. § 2201 and § 2202, petitioner seeks declaratory judgment that the Eighth Amendment's prohibition against cruel and unusual punishment "or other federal law protects criminal defendants from prison sentence enhancements based on convictions that are stale and remote or unreliable after becoming final without counsel for and on a direct appeal." Motion, p. 2.

    28 U.S.C. § 2201 provides in pertinent part, "In a case of actual controversy within its jurisdiction,... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Section 2202 adds "Further necessary or proper relief based on

a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

Petitioner was advised that his claim should be properly presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a proper form was provided. ECF No. 3. In a motion to strike order (ECF No. 5), petitioner declined to file a petition asserting that the statute "empowered federal court to declare rights without the requirement of seeking habeas corpus or any other relief." This assertion is without citation to case law or any authority whatever. It is also erroneous. *United States ex rel. Bennett v. People of State of Illinois*, 7 Cir. 1966, 356 F.2d 878, 879, cert. denied, 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 544 (The Declaratory Judgment Act may not be used as a substitute for habeas corpus, coram nobis or other such procedures.). Moreover, the fact that appellant prayed for relief under the Act 'does not serve to furnish a ground of federal jurisdiction'. *Benson v. State Bd. Of Parole and Probation,* 348 F.2d 238, 240 (9th Cir. 1967) quoting *Longview Tugboat Company v. Jameson*, 218 F.2d 547, 548 (9th Cir. 1955).

This motion and the motion for declaratory judgment must be denied where there exists no case of actual controversy within the jurisdiction of this Court. Petitioner has already attempted to attack the conviction and sentence obtained in his state criminal proceedings case number 08C240303 in this Court through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Rowell v. Palmer, 3:10-cv-0044-RCJ-VPC, petitioner (ECF No. 4), p. 2. In that unsuccessful petition he attacked the constitutionality of the Nevada Burglary statute. *Id.,* pp, 3-3C. The petition was denied on its merits and no relief was granted on appeal to the Ninth Circuit. *See,* Rowell v. Palmer 3:10-cv-0044-RCJ-VPC, Court docket. In Rowell v. Wolfson, 3:12-cv-0244-LRH-WGC, petitioner also attempted to attack the constitutionality of his arrest and conviction in the 2007 case. That case was dismissed because it was not properly presented as a petition for writ of habeas corpus.

Petitioner has not persuaded this Court that his motion for declaratory judgement involves a case of controversy within this Court's jurisdiction. Moreover, the question of the constitutionality of the statute under which petitioner was sentenced is properly raised through a writ of habeas corpus

1  and petitioner has waived that right unless he obtains leave of the Ninth Circuit Court of Appeals to
2  file a second or successive petition.  28 U.S.C. § 2244(b).
3       **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauper* (ECF No.
4  1) is **GRANTED**.
5       **IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 1-2)
6  shall be **filed** and is **DENIED.**
7       **IT IS FURTHER ORDERED** that the motion to strike (ECF No. 5) is **DENIED.**
8       **IT IS FURTHER ORDERED** that the motion for declaratory judgment (ECF No. 1-1) shall
9  be **filed** and is **DISMISSED WITH PREJUDICE.**  The Clerk shall enter judgment accordingly.

11  DATED this 28th day of January, 2013.

                                       LARRY R. HICKS
                                       UNITED STATES DISTRICT JUDGE